# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DEVERICK SCOTT,                                                                                          PLAINTIFF
ADC #131042

v.                                            4:19CV00859-JM-JTK

CORRECT CARE SOLUTIONS, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.   Introduction

Plaintiff Deverick Scott, a state inmate incarcerated at the Varner Unit of the Arkansas Division of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging numerous violations of his constitutional rights against thirty-four Defendants. (Doc. No. 2) On January 24, 2020, this Court limited the claims at issue in this case to the denial of exercise claim against Defendants Shipman, Carroll, Dunlap, T. Smith, and Burton.[1] (Doc. No. 13)

This matter is before the Court on the remaining Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 87-88, 90), to which Plaintiff responded. (Doc. Nos. 95-97)

## II.   Amended Complaint (Doc. No. 7)

Plaintiff is incarcerated in restrictive housing, punitive segregation, where he claimed he was denied the adequate opportunity to exercise. Specifically, he complained that yard call was held only Monday through Friday, and that it was cancelled on holidays. In addition, he claimed

---

[1] Burton later was dismissed at Plaintiff's request. (Doc. Nos. 76, 77)

defendants improperly denied him yard call on three days in November 2018, five days in June 2019, three days in July 2019, and two days in September 2019.. He alleged that he was locked down twenty three hours per day, and that the one-hour denial of yard call constituted cruel and unusual punishment in violation of his Eighth Amendment rights, especially since his doctor told him he needed more exercise.

### III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

####    A.   Official Capacity

Although Plaintiff sued the Defendants in both their official and individual capacities, the Court initially finds that his monetary claims against them in their official capacities are barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989);

Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

### B. Individual Capacity

Defendants also ask the Court to dismiss Plaintiff's claims against them in their individual capacities, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

According to Defendant James Shipman, the Deputy Warden of the Varner Super Max Unit, the Restrictive Housing Policy (Administrative Directive 19-28) provides for a minimum of one hour of exercise per day, five days per week, "unless security or safety dictates otherwise." (Doc. No. 87-2, p. 2) This includes opportunities to exercise outdoors, weather permitting, and directs that reasons for constraints on exercise be documented in a log and justified in writing. (Id.) For example, if there is a shortage of officers on shift, thus creating a security issue, or if an inmate is on behavior control, he is not allowed yard call. (Id.) If yard call is cancelled, staff must complete an incident report to document the reason for the cancellation. (Id.)

Shipman located yard call records for the dates Plaintiff claimed to have been denied yard call. (Id.) According to these records, yard call was cancelled due to a staff shortage on the following dates: November 9 and 12, 2018; June 8, 12, 19, 27-28, 2019; July 5 and 10, 2019; and September 3 and 9, 2019. (Doc. No. 87-3). A recreational log also showed that Plaintiff did not request yard call on September 8, 2019. (Doc. No. 4, p. 2)

In his deposition, Plaintiff claimed he was denied yard call for the dates listed above, and every holiday. (Doc. No. 87-1, p. 5) He stated he has a history of back and leg pain, high blood pressure, obesity and Lupus, and experiences pain after prolonged sitting. (Id., pp. 6-9) He also admitted that there is sufficient room in his cell to lay on the floor and to do a little workout, and that he is allowed out of his cell three days a week for shower call. (Id., pp. 3-4)

In his response to Defendants' Motion, Plaintiff claimed Defendants violated the ADC policy by denying him the minimum one hour of yard call five days per week. He claims he was constantly denied yard call with no alternatives, that Defendants disregarded an excessive risk of harm to his health and safety by cancelling his yard call, and that a dispute exists over whether he requested yard call on some of the dates that it was cancelled.

Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). To support an Eighth Amendment violation against Defendants, Plaintiff must allege and prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by them in condoning or creating the conditions. Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'.... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. at 342, and Estelle v. Gamble, 429 U.S. 97, 104 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (1991) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Furthermore, "discomfort compelled by conditions of confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)).

In considering a deprivation of exercise allegation, a court should consider several factors including: "(1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement. Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992). In addition, a "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." Id. The Court in Wishon found that an inmate who was allowed forty-five minutes of exercise per week did not suffer an

6

injury or decline in health, as he was allowed out of the cell for showers, visitation and telephone calls, and had the opportunity to exercise within his cell. Similarly, in Hosna v. Groose, the Eighth Circuit found that three hours per week of exercise did not violate the Eighth Amendment, and that "requiring an inmate to exercise in an enclosed area is not itself a per se violation of the Eighth amendment." 80 F.3d 298, 306 (1996)

In considering the above-mentioned factors, the Court finds that even assuming Plaintiff's allegations as true, that he was denied shower call on certain specific dates, he was not deprived of the minimal civilized measure of life's necessities. There is no dispute that as a general rule, Plaintiff was (and is) provided five hours per week of yard call, weather permitting. In addition, there is no dispute that Plaintiff can exercise in his cell. Defendants also provided documented proof that on most of the dates at issue, yard call was cancelled for everyone in isolation, due to staff shortage, which is considered a security issue. Therefore, the Court finds as a matter of law that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

Finally, given dismissal of Plaintiff's constitutional claims, the Court declines to exercise jurisdiction over any state law claim of negligence asserted by Plaintiff in his Complaint. See McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994).

## IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 87) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 20th day of April, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE